1 Juan Hong (State Bar No. 234046)
Law Office of Juan Hong, A Law Corp.
2 4199 Campus Drive, Suite 550
Irvine, CA 92612
3 Phone: (949) 334-7710
Fax: (949) 335-6647
4 Email: jhong48@gmail.com
5
Attorney for Plaintiff
6 MIJEONG KIM
7
8
9                 United States District Court
                 For the Central District of California
10
11
MIJEONG KIM, Individually and On          )   Case No.
12 Behalf of All Others Similarly Situated   )
                                            )   CLASS ACTION
13 vs.                                       )
                                            )
14                                           )   COMPLAINT FOR:
BLUE TRITON BRANDS,                         )
15 AMAZON.COM, INC.,                         )   (1) VIOLATION OF CAL. BUS. &
MOHAMMADREZ SHAHRBABKI, and                 )   PROF. CODE §17200: Unlawful
16 DOES 1 through 10.                        )   Conduct
17                                           )   (2) VIOLATION OF CAL. BUS. &
                                            )   PROF. CODE §17200 Unfair Conduct
18 Defendants.                              )   (3) VIOLATION OF CAL. BUS. &
19                                           )   PROF. CODE §17500 *et seq.*
                                            )   (4) VIOLATION OF CAL. CIVIL
20                                           )   CODE §1750 *et seq.*
21                                           )   (5) UNJUST ENRICHMENT/
                                            )   BREACH OF QUASI CONTRACT
22                                           )   (6) VIOLATION OF 18 U.S.C. §
23                                           )   1962(c)
                                            )   (7) FRAUDULENT
24                                           )   MISREPRESENTATION
25                                           )   (8) NEGLIGENT
                                            )   MISREPRESENTATION
26                                           )
27                                           )
28 _____         )

| | |
|---|---|
| | ) (9) BREACH OF EXPRESS |
| | ) WARRANTY UNDER |
| | ) CAL.COM.CODE §2313 |
| | ) (10) BREACH OF IMPLIED |
| | ) WARRANTY OF |
| | ) MERCHANTABILITY UNDER |
| | ) CAL.COM.CODE §2314(1) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1.      Plaintiff MIJEONG KIM ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint against Blue Triton Brands ("TRITON") (formerly known as NESTLE WATERS NORTH AMERICA INC.), Amazon.com, Inc. ("AMAZON"), Mohammadrez Shahrbabki ("SHAHRBABKI"), and DOES 1 – 10, (all defendants are designated "Defendants") on the basis of personal knowledge, information and belief, and investigation of counsel, alleges as follows.

## INTRODUCTION

2.      This action deals with a water bottle product manufactured, advertised, sold, or delivered, by Defendants: ARROWHEAD 100% MOUNTAIN SPRING WATER ("the TRITON Product").  The TRITON Product is a bottled water line that Defendant TRITON manufactures, advertises, markets, and sells.  The TRITON Product is a bottled water line that Defendants AMAZON and SHAHRBABKI advertise, markets and sell.

3.      At all relevant times, Plaintiff bought the TRITON Product bottles of 237 ml (8 oz.) and 500 ml (16.9 oz.) from convenient stores, and grocery markets in Los Angeles, California, including Target, Costco, Hanam Chain, Galleria Market, and Smart & Final.  The TRITON Product has a label of "ARROWHEAD 100% MOUNTAIN SPRING WATER." (EXHIBITs 004, 005, 007.)  Inconspicuous icons of "®" and "BRAND" follow "ARROWHEAD."  A side view of Arrowhead Mountain is depicted in the label. (EXHIBITs 004, 005, 007.)  The font size of "®" and "BRAND" is much smaller than "ARROWHEAD."  In relative scale, the sign "ARROWHEAD" is about five times larger than the signs of "®" and "BRAND."

# ARROWHEAD ® BRAND

## 100% MOUNTAIN
## SPRING WATER

Reasonable consumers likely miss the icons of "®" and "BRAND" and read the label as "ARROWHEAD 100% MOUNTAIN SPRING WATER." (EXHIBITs 004, 005, 007.)

4.      The TRITON Product bottles have label of "ARROWHEAD 100% MOUNTAIN SPRING WATER" with a side view of Arrowhead Mountain. (EXHIBITs 004 and 005.)  Even if the mountain is depicted with its side view, Plaintiff knew the mountain in the labels is Arrowhead Mountain.  Reasonable consumers know or assume that the mountain in the label is Arrowhead Mountain. The photos of Arrowhead Mountain with the rock formation of an arrowhead pointing downward are shown in EXHIBIT 001.

5.    In a case similar to the instant action, the 9th Circuit Court decided in Case No. 20-56373 (October 22, 2021), *Connie Chong v. Nestle Water North America, Inc.* that:

> The district court properly accepted as true that Chong believed that the mountain on the front of the labels was "Arrowhead Mountain," but upon reviewing the labels submitted for judicial notice by Nestlé, determined that ***there was not "any indication that the image of the mountain and lake refer to any specific mountain or lake***, but rather to the true statement that Arrowhead Water is comprised entirely of mountain spring water."  The court was correct to find that this case "presents the rare case where this Court may conclude on the pleadings that no reasonable consumer would be misled by any of the product labels at issue in this suit."

The 9th Court decision may be correct to three panel judges who had never seen Arrowhead Mountain or its photos.  But, the decision is not correct to reasonable consumers who ever saw or heard about Arrowhead Mountain. (EXHIBIT 001.)  When the mountain and lake images are combined with the explicit slogan "ARROWHEAD 100% MOUNTAIN SPRING WATER," reasonable consumers would believe that the TRITON Product bottles of 237 ml (8 oz.) and 500 ml (16.9 oz.) are exclusively sourced from the springs in Arrowhead Mountain.  (EXHIBTITs 004, 005, 007.)

6.    On December 14, 2021, Plaintiff put online purchase orders through Amazon.com website for the TRITON Product bottles of 237 ml (8 oz.) and 500 ml (16.9 oz.). (EXHIBITs 002, 003.)  On or about December 18, 2021, AMAZON and SHAHRBABKI sent the TRITON Product by mail. (EXHIBIT 006.)  Unlike the labels with ***a side view of Arrowhead Mountain*** of the TRITON Product bottles purchased from convenient stores, and grocery markets in Los Angeles, California, the labels of the TRITON Product bottles online ordered to Amazon.com website include ***a front view of Arrowhead Mountain*** which clearly shows an arrow pointing downward. (EXHIBIT 002, 003, 006.)  Reasonable

consumers would not miss that the mountain in the labels is Arrowhead Mountain. (EXHIBIT 001.)

7.     If the three panel judges of the 9th Circuit for the Case No. 20-56373 (October 22, 2021), *Connie Chong v. Nestle Water North America, Inc.* saw the arrow pointing downward in Arrowhead Mountain on the front label with the slogan "ARROWHEAD 100% MOUNTAIN SPRING WATER," they would not state that: "***there was not any indication that the image of the mountain and lake refer to any specific mountain or lake***."

8.     The TRITON Product bottles of 237 ml (8 oz.) and 500 ml (16.9 oz.) which were online-ordered (i.e., wire-ordered) by Plaintiff were delivered by mail around December 18, 2021.  The delivered TRITON Product bottles (EXHIBITS 004-005) had the labels with side view of Arrowhead Mountain, ***not with front view of Arrowhead Mountain.***  The bottles delivered to Plaintiff were with the front label different from the front label in her online purchase order.

9.     Defendants TRITON, AMAZON, and SHAHRBABKI "baited" Plaintiff with the TRITON Product bottles with the label of ***the front view of Arrowhead Mountain.*** (EXHIBITs 002, 003, and 006.)  When they delivered by mail to Plaintiff, they "switched" to the TRITON Product bottles with the side view of Arrowhead Mountain. (EXHIBITs 004, 005.)

10.     A type of "bait and switch" advertising was used outrageously by Defendants to sell "Arrowhead 100% Mountain Spring Water."  Plaintiff paid $53.99 for 48 bottles of 8 oz. (237ml) per bottle.  Plaintiff paid $0.14 per oz. (EXHIBITs 002, 006.)  Target store in Gardena sold at $0.01 per oz. (EXHIBIT 007.)  Plaintiff paid fourteen (14) times more than what she would pay at Target store.

11.     When Plaintiff purchased the TRITON Product bottles of various sizes including 237 ml (8 oz.) and 500 ml (16.9 oz.) with the side view and the front

view of Arrowhead Mountain, she did not read the backside of the label.  In the front label of the bottles, the statement of "ARROWHEAD 100% MOUNTAIN SPRING WATER" was provided with the background picture of the side view or the front view of Arrowhead Mountain and a lake in front of the mountain.   Based on the presentation in the front label, Plaintiff reasonably believed the TRITON Product was from the springs in Arrowhead Mountain.  Plaintiff would not have purchased the TRITON Product bottles had she known that the spring water might not be from the arrowhead mountain.  Plaintiff would not have purchased the TRITON Product absent the misrepresentation depicted with the picture of the Arrowhead Mountain.

12.    Plaintiff contends that the deception is the false and misleading label, and the injury is the purchase price.  (*Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56 n. 5, 698 N.Y.S.2d 615, 720 N.E.2d 892 ["[P]laintiff might have a claim where a distributor asserts that its bottled water is from a pure and pristine mountain stream while in reality, it was only tap water."].)

13.     In the backside of the labels of the TRITON Product bottle with side view and front view of Arrowhead Mountain, the source of spring water was not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices, in the labeling), and is not easily legible.

14.    The backside label of the TRITON Product bottle lists the source information as:

> SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA.

The sources of the spring water include six (6) locations.  "Arrowhead Springs" is one of them.  The TRITON Product bottles purchased by Plaintiff do not contain water exclusively from ARROWHEAD SPRINGS.

**Plaintiff's Reliance on Defendants' Unlawful, False, and Misleading Presentations in the Labels of the TRITON Product**

15.     Plaintiff saw, read, and relied on the misleading statements of ARROWHEAD 100% MOUNTAIN SPRING WATER with the picture of Arrowhead Mountain and the lake in the front label of the TRITON Product bottle.

16.     Based on this reliance, Plaintiff believed the TRITON Product was from the springs in Arrowhead Mountain.

17.     Plaintiff would not have purchased the TRITON Product absent the misrepresentation depicted in the picture of the label.

18.     In fact, Plaintiff bought the TRITON Product bottles which were prohibited from introduction into commerce because they were misbranded.  Plaintiff suffered damages in an amount to equal to the amounts she paid for the TRITON Product bottles she purchased.

19.     By engaging in false and misleading marketing, Defendants reaped, and continues to reap, increased sales and profits.

20.     Defendants knows that the label of the TRITON Product it markets is material to consumer's decision to purchase the TRITON Product.

21.     Defendants deliberately cultivated the misrepresentations through its marketing of the TRITON Product bottles.

22.     Plaintiff's claim is essentially that, because Defendants' label on the TRITON Product bottles did not comply with state and/or federal requirements regarding the source location, she could not see or did not understand the source information, and therefore was misled by the unlawful packaging and purchased

the water bottles based thereon.  Defendants' bottles are misbranded and unmarketable.  Plaintiff was misled as a result of the misbranding and suffered economic injury because she purchased the products she otherwise would not have.

23.     She would purchase the products as long as Defendants repairs the label complying with state and/or federal requirements, or Defendants presents accurate source location of Arrowhead Mountain.

**TRITON Products**

24.     In early April 2021, Nestlé Waters' bottling operations in the United States were sold One Rock Capital Partners LLC and Metropoulos & Co.  The unit rebranded to BlueTriton Brands, based in Stamford, Connecticut. ("Archeological Find Unearthed in Kitchener" (Wikipedia citing https://www.guelphtoday.com/local-news/nestle-waters-sale-finalized-and-a-day-later-ontario-lifts-moratorium-on-permits 3597877?utm_source=Email&utm_medium=Email&utm_campaign=Email). Retrieved April 2, 2021. "The 4.3 billion U.S. dollar sale of Nestle Waters North America to One Rock Capital Partners LLC was announced in February and the sale closed on Wednesday".)

25.     Arrowhead Water, also known as Arrowhead Mountain Spring Water, is a brand of drinking water that is sold in the western United States, particularly in Nevada, Arizona, Utah, Colorado, the Northwest, and in California.  It is bottled from 13 springs throughout the Western United States. [1] ("Our Springs" (https://www.arrowheadwater.com/our-springs).) (Wikipedia Arrowhead Water. https://en.wikipedia.org/wiki/Arrowhead_Water)

26.     Arrowhead Mountain Spring Water takes its name from a natural mark in the San Bernardino Mountains that is shaped like a giant arrowhead.  The arrowhead is naturally barren; it is not manicured in any way.  Nearby cold springs

on Strawberry Creek in the San Bernardino National Forest are the original source and namesake of Arrowhead water.[2] (Ian James (March 8, 2015). "Bottling water without scrutiny".  The Desert Sun. Retrieved April 25, 2016.) (Wikipedia Arrowhead Water. https://en.wikipedia.org/wiki/Arrowhead_Water)

27.     In 1987, Arrowhead waters was bought by Nestlé.  Soon after, the presence of Arrowhead water bottles in supermarkets across the Western United States grew considerably.  In 1996, a 24-US-fluid-ounce (710 ml) bottle was introduced by the company.  By the early 2000s, the company had introduced waters with different flavors to the market.  *It's Better Up Here!* is a trademarked tagline for the Arrowhead Water brand.  In 2006, the label released Aquapod under the same brand umbrella. (Wikipedia. https://en.wikipedia.org/wiki/Arrowhead_Water)

28.     Southern Californian newspaper the Desert Sun investigated Nestlé's bottling activities in 2015 and published findings that the water company had been operating in the National forest without a permit since its last one expired in 1988.[4]  Local activists and retired forest personnel began to organize opposition to the Swiss company's continued withdrawal of water from a forest that is struggling from drought and bark beetle.[5] (Wikipedia Arrowhead Water. https://en.wikipedia.org/wiki/Arrowhead_Water)

29.     In December, 2017, the California Water Resources Control Board notified Nestlé that an investigation had concluded that the company does not have proper rights to about three-quarters of the water it withdraws for bottling, including water from the San Bernardino National Forest.[6] (Jablon, Robert (21 December 2017). "TRITON warned it lacks rights to some California water". Washington Post. Archived from the original on 22 December 2017. Retrieved 22 December 2017.) (Wikipedia Arrowhead Water. https://en.wikipedia.org/wiki/Arrowhead_Water)

30.     In April, 2021, California regulators moved to stop Nestlé from siphoning water from the forest.[7] (April 28, Maanvi Singh; Now, 2021 Like Tweet Email Print Subscribe Donate (2021-04-28). "California orders Nestlé to stop siphoning spring water". www.hcn.org. Retrieved 2021-06-03.) (Wikipedia Arrowhead Water. https://en.wikipedia.org/wiki/Arrowhead_Water)

31.     https://bluetriton.com/arrowhead on 3/17/2022 provides that:

> "The original source of Arrowhead® Brand 100% Mountain Spring Water can be found in the San Bernardino Mountains of Southern California.  ***The natural formation in the shape of an arrowhead on the San Bernardino Mountains*** points to our water's legendary origin, an inspiration for each carefully selected mountain spring source we use today.  A unique composition of naturally occurring minerals gives Arrowhead Mountain Spring Water a refreshing, crisp taste.  Pure goodness only from mountain springs, refreshing the west since 1894." (Emphasis added.)

32.     TRITON knowingly misrepresents that the TRITON Product bottles with the labels of side view and front view of Arrowhead Mountain contain 100 % mountain spring water exclusively from the springs in Arrowhead Mountain.

33.     Desert Sun questioned: Is Arrowhead bottled water really spring water? Nestle confronts questions as officials investigate.  (The Desert Sun 4:11 p.m. PT Jan 4, 2018.)

**Defendant Amazon.com ("AMAZON")**

34.     AMAZON is a global e-commerce behemoth— "the world's largest retailer." Its massive website, Amazon.com, "makes up at least 46 percent of the online

retail marketplace, selling more than its next twelve online competitors combined." The migration of consumer spending online, further compounded by the COVID-19 pandemic, has enabled the once modest online bookstore (initially dubbed "Cadabra," as in "abracadabra") to make many traditional retailers disappear.  And while AMAZON sells many products itself, most of the items sold on Amazon.com are listed by millions of third-party merchants.  Such sales represent a fast-growing part of AMAZON's retail empire, and a lucrative one.  (*McMillan v. Amazon. com, Inc.*, 983 F. 3d 194, 196-197, Court of Appeals, 5th Circuit 2020, is cited.)

35.     In the instant case, defendant SHAHRBABKI is a third-party seller.

**NATURE OF THE ACTION**

36.     The provisions of the Sherman Law upon which Plaintiff relies for the instant action make it "unlawful for any person" to: (1) "manufacture, sell, deliver, hold, or offer for sale any food... that is "falsely advertised," see Cal. Health & Safety Code § 110395; (2) "receive in commerce any food ... that is falsely advertised or to deliver or proffer for delivery any such food," see id. § 110400; (3) "manufacture, sell, deliver, hold, or offer for sale any food that is misbranded," see id. § 110760; (4) "receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food," see id. § 110770; and (5) misbrand any food if its packaging or labeling is in violation of an applicable regulation issued pursuant to Section 108685 or 108700. see Cal. Health &Safety Code §110755.  It is unlawful for any person to misbrand any food. see Cal. Health & Safety Code §110765.

37.     In the instant case, Defendants TRITON, AMAZON, and SHAHRBABKI violated Cal. Health & Safety Code §§ 110395, 110400, 110760, 110765, 110770, and 110755.

38.     Defendant DOES 1-10, as corporate agents, violated 21 U.S.C. § 301(k) by not only shirking the duty to seek out and remedy violations, but also the duty to implement measures to ensure that violations will not occur. (*United States v. Park* (1975), 421 U.S. 658, 676-77.)

39.     Plaintiff brings this class action on behalf of herself and all other similarly situated consumers who purchased the TRITON Product asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL" or "§17200"); the False Advertising Law, Cal. Bus & Prof. Code §17500, *et seq.* ("FAL" or "17500"); the Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"); Unjust Enrichment/Breach of Quasi Contract; the Civil RICO, 18 U.S.C. §1962(c); Fraudulent Misrepresentation; Negligent Misrepresentation; Breach of Express Warranty under Cal. Com. Code §2313; Breach of Implied Warranty of Merchantability under Cal. Com. Code §2314(1).

40.     Plaintiff seeks damages and equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: their monetary damages; restitution; refunding Plaintiff and class members the full amount paid for the TRITON Product; injunctive relief for an order enjoining Defendants from falsely marketing and advertising the TRITON Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

41.     Plaintiff also seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

## **JURISDICTION AND VENUE**

42.     This Court has original jurisdiction 18 U.S.C. §1962(c).  This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every Class Member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class Members reside across the United States and are therefore diverse from Defendants.

43.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).  Plaintiff has filed affidavits showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code §1780(d).

44.     This Court has personal jurisdiction over Defendants because it has significant minimum contacts with this State, and intentionally availed itself of the laws of California by transacting a substantial amount of business throughout the State and this District, including but not limited to, the promotion, marketing, advertising, and sale of the TRITON Product throughout California and Los Angeles County, and on the Internet to consumers located throughout California and Los Angeles County.

45.     Venue is proper under 18 U.S.C. § 1965(a), because Defendants are subject to personal jurisdiction in this District as alleged above, and Defendants have agents located in this District.

## **PARTIES**

46.     Plaintiff MIJEONG KIM ("Plaintiff or MIJEONG") is a resident of the state of California.  At all relevant times since 2018, Plaintiff learned about the TRITON Product when she saw the label of the TRITON Product displayed in grocery and

convenient stores in Los Angeles, California, and the photos of the TRITON Product bottles in the advertisements in AMAZON website. (EXHIBITs 002, 003, 006.)  Plaintiff purchased the TRITON Product in reliance on the TRITON Product's misleading labels and the advertisements.

47.     On information and belief, Defendants BLUE TRITON BRANDS ("TRITON"), formerly NESTLE WATERS NORTH AMERICA INC. ("NESTLE"), is a corporation with its principal place of business in Connecticut, 900 LONG RIDGE ROAD, BUILDING #2, STAMFORD, CT 06902-1138, with service agent C T CORPORATION SYSTEM (C0168406).

48.     On information and belief, Defendant Amazon.com, Inc. ("AMAZON") is located at 410 Terry Ave North, Seattle, WA98109-5210.  Its service agent is Kevin Manuel Silva, 1869 E Grant Line Rd., Tracy, CA95304.

49.     On information and belief, Defendant Mohammadrez Shahrbabki ("SHAHRBABKI"), at 2630 Walnut Ave. Ste B, Tustin, CA92780-7031, is the third party seller of the products listed and advertised in Amazon.com: (1) Arrowhead-Natural Spring Water, 8 oz. Bottle, 48 Bottles/Carton 827163, $53.99. (Exhibits 002, 006)  (2) Arrowhead 100% Mountain Spring water (16.9 oz. bottles, 40 ct.), $48.99 (Exhibit 003), $45.99 (Exhibit 006).

50.      On information and belief, Defendants DOES 1-10 are agents of Defendants TRITON, AMZON, and SHAHRBABKI.  They are imposed not only the duty to seek out and remedy violations, but also the duty to implement measures to ensure that violations will not occur, under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301(k); *United States v. Park* (1975), 421 U.S. 658.

51.     Defendants will refer to TRITON, AMAZON, SHAHRBABKI, and DOES 1 through 10.

## DEFENDANTS' VIOLATIONS OF FEDERAL AND STATE STATUTES AND REGULATIONS

52.     The basic prohibitions of the FDCA are contained at 21 U.S.C. § 331, which prohibits, among other things, "causing" the adulteration or misbranding of any drug (or food, or cosmetic, or "device") in interstate commerce, or "causing" the introduction or delivery for introduction into interstate commerce of an adulterated or misbranded drug.

53.     Plaintiff brings this class action on behalf of herself and all other similarly situated consumers who purchased the TRITON Product asserting claims under the Civil RICO, 18 U.S.C. §1962(c).

54.     By manufacturing, advertising, distributing, and selling misbranded product, ARROWHEAD 100% MOUNTAIN SPRING WATER, Defendants have violated California Health & Safety Code Sections 110660, and 110705.  In addition, Defendants has violated the standards set by 21 U.S.C. § 343 and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101), all of which have been adopted by reference into the Sherman Law, California Health and Safety Code.

55.     To prove a false advertising claim, a plaintiff must show a false or misleading description of fact or representation of fact by the Defendants in a commercial advertisement about its own or another's product.  TRITON's misrepresentation of the source of ARROWHEAD 100% MOUNTAIN SPRING WATER in its label is sufficient to state the formal element of a false advertising claim.

56.     In the context of an unlawful-prong claim, a plaintiff must establish that a Defendants engaged in unlawful conduct, i.e., violated a federal, state or municipal statute, ordinance or regulation, and that, as a result of the Defendants' unlawful conduct, the plaintiff suffered an injury in fact and has lost money or property.

57.     The United States Federal Food, Drug, and Cosmetic Act ("FDCA") gives the U.S. Food and Drug Administration ("FDA") authority to promulgate

regulations to enforce the provisions of the FDCA.  21 USC § 371.  The FDA has promulgated regulations governing misbranding of food and providing that food is misbranded if its label expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is either: (1) A truthful representation of geographical origin.

58.     The FDA published its final rule on bottled water on November 13, 1995. Beverages: Bottled Water, 60 Fed. Reg. 57,076 (Nov. 13, 1995).  Responding to a comment stating that "it would be misleading if a country setting is shown on the label, including lakes or ponds, and the product is drinking water processed from municipal supplies via reverse osmosis systems [i.e., purified water]," the FDA responded:

> FDA agrees that the use of certain graphics on a label of bottled water may be misleading to consumers if the source of the water is different than the source depicted or implied.  ***For example, a country setting on a label may mislead consumers into believing that the product is spring water when it is not.***  Section 403(a) of the act specifically states that a food shall be deemed to be misbranded if its labeling is false or misleading in any particular.  If a product is from a community water system, the label must clearly disclose this fact except as provided in § 165.110(a)(3)(ii)." *Id*. at 57,104 (emphasis added).

59.     21 C.F.R. §101.18 (c) provides that: "Among representations in the labeling of a food which render such food misbranded is any representation that expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is either: (1) A truthful ***representation of geographical origin***."

60.    The FDA standard of identity imposes detailed requirements on the use of the "spring water" nomenclature, including "the location of the spring." 21 C.F.R. §165.110(a)(2)(vi).  The FDA's spring water Identity Standard also includes two labeling requirements.  First, ***"the location of the spring shall be identified" on each water bottle label***. 21 C.F.R. § 165.110(a)(2)(vi).  Use of the term "spring water" on bottled water is regulated by the FDA.  FDA regulations at 21 C.F.R. § 165.110(a)(2)(vi) specifically define the term:

> "The name of water derived from an underground formation from which water flows naturally to the surface of the earth may be "spring water."  Spring water shall be collected only at the spring or through a bore hole tapping the underground formation feeding the spring.  There shall be a natural force causing the water to flow to the surface through a natural orifice.  ***The location of the spring shall be identified.***  Spring water collected with the use of an external force shall be from the same underground stratum as the spring, as shown by a measurable hydraulic connection using a hydrogeologically valid method between the bore hole and the natural spring, and shall have all the physical properties, before treatment, and be of the same composition and quality, as the water that flows naturally to the surface of the earth.  If spring water is collected with the use of an external force, water must continue to flow naturally to the surface of the earth through the spring's natural orifice.  Plants shall demonstrate, on request, to appropriate regulatory officials, using a hydrogeologically valid method, that an appropriate hydraulic connection exists between the natural orifice of the spring and the bore hole." (Emphasis added.)

61.    21 U.S.C. § 343 provides that a "food shall be deemed misbranded" if, *inter alia,* it contains a "false or misleading label," § 343(a); if information required on the label is "not prominently placed" on the label in comparison with other words, § 343(f).

62.    The misbranded products are in violation of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 343] and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101).

63.    21 U.S.C. 331(a) prohibits the introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded.

64.    No state or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce:  "any requirement respecting any claim of the type described in section 343(r)(1) of this title, made in the label or labeling of food *that is not identical* to the requirement of section 343(r) of this title . . . ." (21 U.S.C. § 343-1(a) (5))

65.    In the instant case, Defendants TRITON, AMAZON, and SHAHRBABKI violated Cal. Health & Safety Code §§ 110395, 110400, 110760, 110765, 110770, and 110755.

66.    Defendant DOES 1-10, as corporate agents, violated 21 U.S.C. § 301(k) by not only shirking the duty to seek out and remedy violations, but also the duty to implement measures to ensure that violations will not occur. (*United States v. Park* (1975), 421 U.S. 658, 676-77.)

67.    California's Sherman Laws adopt the federal labeling requirements as the food labeling requirements of the state. Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state.").

(1) Any food is misbranded if its labeling is false or misleading in any particular, Cal. Health & Safety Code § 110660;

(2) Any food is misbranded if any word, statement, or other information required to appear on the label or labeling is not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use, id. § 110705.

68.    California Health and Safety Code § 110390 states that: "It is unlawful for any person to disseminate any false advertisement or any food ….. An advertisement is false if it is false or misleading in any particular."

69.    California Health and Safety Code § 110395 states that: "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food …..  that is falsely advertised."

70.    California Health and Safety Code § 110398 states that: "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded."

71.    California Health and Safety Code § 110400 make it "unlawful for any person" to: "receive in commerce any food ... that is falsely advertised or to deliver or proffer for delivery any such food,"

72.    California Health and Safety Code § 110760 make it "unlawful for any person" to: "manufacture, sell, deliver, hold, or offer for sale any food that is misbranded."

73.    California Health and Safety Code § 110770 make it "unlawful for any person" to:  "receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food."

74.     California Health and Safety Code § 110755 states that: Any food is misbranded if its packaging or labeling is in violation of an applicable regulation issued pursuant to Section 108685 or 108700."

75.     California Health and Safety Code § 110765 states that: "It is unlawful for any person to misbrand any food."

76.     California Civil Code §1770(a): The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful: (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services; (4) Using deceptive representations or designations of geographic origin in connection with goods or services. Defendants TRITON has violated California Civil Code §1770(a).

**CLASS ACTION ALLEGATIONS**

77.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a proposed class defined as follows:

**The Nationwide Injunctive Relief Class**.  All persons residing in the United States and its territories who purchased one or more water bottles sold by TRITON with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

for their own use, and not for resale, since March, 2018.  Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

**California Subclass for The Injunctive Relief**.  All persons residing in the state of California who purchased one or more water bottles sold by TRITON for their own use, and not for resale, since March, 2018, with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

78.     Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "Monetary Relief Class") defined as follows:

**The Nationwide Monetary Relief Class**.  All persons residing in the United States and its territories who purchased one or more water bottles sold by TRITON with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS),

> PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

for their own use, and not for resale, since March, 2018.  Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

**California Subclass for The Monetary Relief Class**.  All persons residing in the state of California who purchased one or more water bottles sold by TRITON for their own use, and not for resale, since March, 2018, with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

79.     Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the California Subclass are the "Class."

80.     Plaintiff brings this class action on behalf of herself and all other similarly situated consumers who purchased the TRITON Product asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL" or "§17200"); the False Advertising Law, Cal. Bus & Prof. Code §17500, *et seq.* ("FAL" or "17500"); the Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"); Unjust Enrichment/Breach of Quasi Contract; the Civil RICO, 18 U.S.C. §1962(c); Fraudulent Misrepresentation; Negligent

22 (COMPLAINT)

Misrepresentation; Breach of Express Warranty under Cal. Com. Code §2313; Breach of Implied Warranty of Merchantability under Cal. Com. Code §2314(1), for the following reasons:

(a) The proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable. While Plaintiff does not know the exact number and identity of all Class Members, Plaintiff is informed and believes that there are thousands. The precise number of Class Members can be ascertained through discovery;

(b) The disposition of Plaintiff's and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c) The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion;

(d) There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include, but are not limited to:

    (1) Whether Defendants' conduct was unlawful;

    (2) Whether Defendants' conduct was unfair;

    (3) Whether Defendants' advertising and labeling is likely to mislead the public;

    (4) Whether Defendants' conduct was misleading;

    (5) Whether Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL");

    (6) Whether Defendants violated California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA");

    (7) Whether Defendants violated California's False Advertising Law, Cal. Civ. Code §17500 ("FAL");

(8) Whether Defendants received purchase monies from Plaintiff and class members that they unjustly received;

(9) Whether Plaintiff and Class Members have been harmed and the proper measure of relief;

(10) Whether Plaintiff and Class Members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendants; and

(11) Whether, as a result of Defendants' misconduct, Plaintiff and Class Members are entitled to equitable relief, and if so, the nature of such relief;

(e) Plaintiff's claims are typical of the claims of the members of the proposed Class. Plaintiff and Class Members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other Class Members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions; (ii) This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

(iii) Without a class action, Class Members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

81.     Address information for the Class Members may be used for the purpose of providing notice of the class action.

82.     Plaintiff seeks damages and equitable relief on behalf of the Class on grounds generally applicable to the entire proposed Class.

**RICO ALLEGATIONS**

83.     Plaintiff MIJEONG KIM and similarly situated class members ("Plaintiffs") allege the existence of an associated-in-fact enterprise ("ENTERPRISE") made up of all the Defendants.

84.     Plaintiffs allege that the ENTERPRISE is operated through multiple related predicate acts of mail fraud, and wire fraud over a period of several years. (EXHIBITs 002, 003, and 006.)

85.     Plaintiffs allege the predicate acts affected interstate commerce, and that the Defendants' RICO violations were the but-for cause and proximate cause of their concrete financial injuries.

86.     The common purpose of the ENTERPRISE was to defraud reasonable consumers purchasing the TRITON Product bottles with slogan "ARROWHEAD 100% MOUNTAIN SPRING WATER" in the front label, and that each member benefited financially from doing so. (EXHIBITs 002, 003, and 006.)

87.     Plaintiffs allege the ENTERPRISE has been in existence since at least February 2018, and functioned as a continuing unit until at least the date the instant complaint was filed in March 2022.

88.     Plaintiffs allege that Defendants worked together in an indispensable and integrated manner to carry out the fraudulent scheme: TRITON created the labels containing the deceptive and misleading advertising of "ARROWHEAD 100% MOUNTAIN SPRING WATER"; and TRITON assisted with advertising and marketing; AMAZON assisted with advertising and marketing, received fees from SHAHRBABKI, tracked shipments and to customers, and received returns. (EXHIBITs 002, 003, and 006.)

89.     Plaintiffs allege Defendants coordinated activities were necessary to successfully complete the fraudulent consumer transactions and carry out the fraudulent scheme.

90.      Plaintiffs allege each member of the ENTERPRISE knew that the ENTERPRISE extended beyond their individual roles and carried out their activities and operations with the intent to further the fraudulent scheme.

91.     Plaintiffs allege that all of the Defendants' activities were undertaken with common fraudulent intent: to mislead, deceive, and overcharge reasonable consumers purchasing the TRITON Product bottles, on a repeated and continuous basis. (EXHIBITs 002, 003, 006, and 007.)

92.     There existed an association-in-fact enterprise among the Defendants.

93.     Plaintiffs allege the shipments of the TRITON Products to them constitute predicate acts of mail fraud. (EXHIBIT 006.)

94.     Plaintiffs allege the placement of orders to purchase the TRITON Products by Amazon.com website constitutes predicate acts of wire fraud. (EXHIBITs 002, 003, and 006.)

95.     The afore-mentioned allegations sufficiently and plausibly plead a pattern of racketeering activity by Defendants.

**Defendants TRITON, AMAZON, SHAHRBABKI, and DOES 1-10**

96.     At all times relevant hereto, Defendants TRITON, AMAZON, and SHAHRBABKI conducted substantial business throughout the State of California, including marketing, and advertising in Los Angeles County and Orange County of California.

97.     Defendants TRITON, AMAZON, and SHAHRBABKI form an "associated-in-fact enterprise" within the meaning of 18 U. S.C. § 1961(4), through which Defendants TRITON, AMAZON, and SHAHRBABKI conducted the pattern of racketeering activity described herein.

98.     Throughout its existence, Defendants TRITON, AMAZON, AND SHAHRBABKI engaged in, and its activities affected interstate commerce because it involved commercial activities across state lines, including national marketing campaigns of the TRITON, AMAZON, and SHAHRBABKI'S Products.

99.     On information and belief, Defendants TRITON, AMAZON, and SHAHRBABKI exercised substantial control over the ENTERPRISE, through among other methods and means, the following: Creating and approving marketing and advertising materials; Regularly reviewing financial records.

100.    Defendants TRITON, AMAZON, and SHAHRBABKI was a knowing and willing participant in the scheme, and reaped revenues and/or profits therefrom.

101.    The ENTERPRISE has an ascertainable structure separate and apart from the pattern of racketeering activity in which Defendants TRITON, AMAZON, and

SHAHRBABKI has engaged.  The ENTERPRISE is separate and distinct from Defendants TRITON, AMAZON, and SHAHRBABKI.

**Pattern of Racketeering Activity**

102.   Defendants TRITON, AMAZON, and SHAHRBABKI, who are the constituents of ENTERPRISE, knowingly, willfully, and unlawfully conducted or participated, directly or indirectly, in the affairs of the ENTERPRISE through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961(5) and 1962(c).  The racketeering activity was made possible by the regular and repeated use of the facilities, services, distribution of AMAZON, and employees of AMAZON.

103.   Defendants TRITON, and SHAHRBABKI committed multiple "Racketeering Acts," including aiding and abetting such acts.

104.   The Racketeering Acts were not isolated, but rather were related in that they had the same or similar purposes and results, participants, victims, and methods of commission.  Further, the Racketeering Acts were continuous, occurring on a regular (daily) basis throughout a time period beginning in 2018 and, upon information and belief, continuing through March of 2022.

105.   Defendants TRITON, AMAZON, and SHAHRBABKI participated in the operation and management of the ENTERPRISE.

106.   In devising and executing the Scheme, Defendants TRITON, AMAZON, and SHAHRBABKI committed acts constituting indictable offenses under 18 U.S.C. §§ 1341 and 1343, in that they devised and knowingly carried out a material scheme or artifice to defraud or to obtain money by means of materially false or fraudulent pretenses, representations, promises, or omissions of material facts.  For the purpose of executing the scheme, Defendants committed these Racketeering Acts, intentionally and knowingly, with the specific intent to advance the illegal scheme.

107.   Defendants used mails and interstate wire communications to create and perpetuate the scheme through virtually uniform misrepresentations, concealments and material omissions.  The false statements and concealments in the advertisements have been viewed by the readers of Defendant AMAZON's website.

**CLASS ACTION ALLEGATIONS UNDER 18 U.S.C. § 1962(c)**

108.   Plaintiff brings this class action on behalf of himself individually and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23.

109.   The proposed Class consists of all persons who purchased the TRITON Products from Defendants TRITON, AMAZON, and SHAHRBABKI throughout the United States from March of 2018 to the present.  Excluded from the Class are Defendants TRITON, AMAZON, and SHAHRBABKI and their affiliates, employees, officers and directors, persons or entities that distribute or sell the TRITON Products, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

110.   This action is properly brought as a class action for violation of the Racketeer Influenced and Corrupt Organization Act ("RICO Statute") because:

(a) The proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all Class Members is impracticable;

(b) The disposition of Plaintiff's and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c) The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class Member were infringed or violated in the same fashion;

(d) There are questions of law and fact common to the proposed Class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include but are not limited to:

(i) Whether Defendants TRITON, AMAZON, and SHAHRBABKI engaged in a fraudulent scheme;

(ii) Whether Defendants TRITON, AMAZON, and SHAHRBABKI violated 18 U.S.C. § 1962;

(iii) Whether Plaintiff and Class Members have been harmed and the proper measure of relief;

(iv) Whether Plaintiff and Class Members are entitled to an award of treble, punitive damages, attorneys' fees and expenses; and

(v) Whether, Plaintiff and Class Members are entitled to equitable relief, and if so, the nature of such relief.

(e) Plaintiff's claims are typical of the claims of the members of the proposed Class. Plaintiff and Class Members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other Class Members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of

individual actions; (ii) This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; (iii) Without a class action, Class Members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

**CLASS ACTION ALLEGATIONS UNDER THE CALIFORNIA STATUTES**

111.    Pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "Monetary Relief Class") defined as follows:

**The Monetary Relief Class.** All persons residing in the United States and its territories who purchased one or more of the TRITON Products for their own use, and not for resale, since March 1, 2018, by using mail and/or wire.  Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

112.    Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "California Subclass") defined as follows:

**The California Subclass.**  All persons residing in the state of California who purchased one or more of the TRITON's Products for their own use, and not for resale, since March 1, 2018, by using mail and/or wire.  Plaintiff asks the Court to adjudicate all remedies through the California Subclass.

113.    Collectively, the Monetary Relief Class, and the California Subclass are the "Class."

114.    This action is properly brought as a class action for violation of 18 U.S.C. §1962(c), for the following reasons:

(a) the proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable.  While Plaintiff does not know the exact number and identity of all Class Members, Plaintiff is informed and believes that there are thousands. The precise number of Class Members can be ascertained through discovery; (b) the disposition of Plaintiff's and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court; (c) the proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion; (d) there are questions of law and fact common to the proposed class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include, but are not limited to:

(1) Whether Defendants' conduct was unlawful, unfair or fraudulent;

(2) Whether Defendants' advertising and labeling is likely to deceive the public;

(3) Whether Defendants' conduct was false, misleading or likely to deceive;

(4) Whether Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL");

(5) Whether Defendants violated California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA");

(6) Whether Defendants violated California's False Advertising Law, Cal. Civ. Code §17500 ("FAL");

(7) Whether Defendants received purchase monies from Plaintiff and Class members that they unjustly received;

(8) Whether Plaintiff and Class Members have been harmed and the proper measure of relief;

(9) Whether Plaintiff and Class Members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendants; and

(10) Whether, as a result of Defendants' misconduct, Plaintiff and Class Members are entitled to equitable relief, and if so, the nature of such relief;

(e) Plaintiff's claims are typical of the claims of the members of the proposed Class. Plaintiff and Class Members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other Class Members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions; (ii) This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; (iii) Without a class action, Class Members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

115. Defendants and their agents had, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the class action.

116.   Plaintiff seeks damages and equitable relief on behalf of the Class on grounds generally applicable to the entire proposed Class.

**First Cause of Action**

**Violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* Unlawful and Fraudulent Conduct Prong (By Plaintiff MINEONG KIM, on Behalf of the Class against Defendants TRITON, AMAZON, and SHAHRBABKI.)**

117.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

118.   Defendants violated Cal. Bus. & Prof. Code §17200's prohibition against engaging in an "*unlawful*" business act or practice by selling the TRITON Product.

119.   Defendants misleadingly advertises the TRITON Product in its label and websites showing the photo of the TRITON Product bottles.  Defendants violated Cal. Bus. & Prof. Code §17200's prohibition against engaging in an "*unlawful*" business act or practice by, *inter alia*, making the material misrepresentations regarding the TRITON Products under 1750 *et seq.* (the CLRA) and Cal. Bus. & Prof. Code §17500 (FAL).

120.   Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the TRITON Product; injunctive relief for an order enjoining Defendants from falsely marketing and advertising the TRITON Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.  Class

certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

## **Second Cause of Action**

**Violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* Unfair Conduct Prongs**

**(By Plaintiff MIJEONG KIM, on Behalf of the Class against Defendants TRITON, AMAZON, and SHAHRBABKI.)**

121.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

122.   A type of "bait and switch" advertising was used by Defendants to sell TRITON Product bottles with the slogan of "Arrowhead 100% Mountain Spring Water"

123.   The foregoing conduct also constitutes "*unfair*" business acts and practices within the meaning of Cal. Bus. & Prof. Code §17200.  Defendants' practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated.  Defendants' conduct caused and continues to cause substantial injury to Plaintiff and Class Members.

124.   Defendants' labeling and advertising of the TRITON Product is likely to mislead reasonable consumers that the location of the spring is the Arrowhead Mountain.

125.   Defendants either knew or reasonably should have known that the claims on the labels of the TRITON Product were likely to mislead reasonable consumers.

126.   In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to sell the TRITON Product through unlawful, and unfair acts and practices and to commence a corrective advertising and labeling campaign.

127.   Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the TRITON Product; injunctive relief for an order enjoining Defendants from falsely marketing and advertising the TRITON Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.  Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

**Third Cause of Action**
**Violation of California's False and Misleading Advertising Law, California Business and Professions Code § 17500 *et seq.***
**(By Plaintiff MIJEONG KIM, on Behalf of the Class against Defendants TRITON, AMAZON, and SHAHRBABKI.)**

128.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

129.   California Business & Professions Code §17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive and/or mislead members of the public to purchase products and services such as the TRITON Product.

130.   A type of "bait and switch" advertising was used by Defendants to sell water bottles with label containing "Arrowhead 100% Mountain Spring Water."

131.   Defendants disseminated, through common advertising, misleading statements about the TRITON Product and Defendants knew or should have known that the TRITON Product's label did not conform to the advertisements or

representations regarding the TRITON Product.  Plaintiff and the Class relied upon the advertisements and misrepresentations to their detriment.

132.   As alleged herein, Defendants, in its labeling and advertising of the TRITON Product, makes misleading advertising claim, as it mislead consumers that the location of the spring is the Arrowhead Mountain.

133.   In reliance on these misleading advertising claims, Plaintiff and the members of the California Subclass purchased and used the TRITON Product bottles without the knowledge that the location of the spring may not be the Arrowhead Mountain.

134.   Defendants knew or should have known that the labeling and marketing of the TRITON Product was likely to mislead consumers.

135.   Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the TRITON Product; injunctive relief for an order enjoining Defendants from falsely marketing and advertising the TRITON Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.  Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

**Fourth Cause of Action**
**Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.***
**(By Plaintiff MIJEONG KIM, on Behalf of the Class against Defendants TRITON, AMAZON, and SHAHRBABKI.)**

136.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

137.   This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, *et seq*.  Plaintiff is a consumer as defined by Cal. Civ. Code §1761(d).  The TRITON Product constitutes "product" as defined by Cal. Civ. Code §1761(a) and (b).  At all times relevant hereto, Defendants constituted "persons" as that term is defined in Cal. Civ. Code §1761(c), and Plaintiff's and Class Members' purchases of the TRITON Product constitute "transactions," as that term is defined in Cal. Civ. Code §1761(e).

138.   Defendants violated and continue to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale of the TRITON Product to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(2): Misrepresenting the source, sponsorship, approval, or certification of goods or services;

(b) In violation of Cal. Civ. Code §1770(a)(4): Using deceptive representations or designations of geographic origin in connection with goods or services.

(c) In violation of Cal. Civ. Code §1770(a)(5), Defendants' acts and practices constitute misrepresentations that the TRITON Product in question have characteristics, benefits or uses which they do not have;

(d) In violation of Cal. Civ. Code §1770(a)(7), Defendants misrepresented that the TRITON Product are of particular standard, quality and/or grade, when they are of another; and

(e) In violation of Cal. Civ. Code §1770(a)(9), Defendants advertised the TRITON Product with the intent not to sell them as advertised or represented.

(f) In violation of Cal. Civ. Code §1770(a)(16), Defendants represented that "the subject of a transaction has been supplied in accordance with a previous representation when it has not."

139.   Defendants' representations are misleading and in violation of the CLRA.

140.   In addition, pursuant to Civil Code §1780(a)(2), Plaintiff is entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770:

(1) enjoining Defendants from continuing to engage in the deceptive practices described above;

(2) requiring Defendants to provide public notice of the true nature of the TRITON Product; and

(3) enjoining Defendants from such deceptive business practices in the future.

Plaintiff seeks ***public injunctive relief*** that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

141.   Plaintiff and the Class are also entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to Cal. Civ. Code §§1780 and 1781.

142.   Pursuant to section 1782 of the CLRA, Plaintiff is hereby notifying Defendants in writing of its particular violations of section 1770 of the CLRA and is demanding, among other actions, that Defendants cease marketing the TRITON Product as set forth in detail above and correct, repair, replace, or otherwise rectify the TRITON Product that are in violation of section 1770 as set forth in detail above. (EXHIBIT 008.)  If Defendants fails to respond to Plaintiff's demand within 30 days of this notice, pursuant to section 1782 of the CLRA, Plaintiff will amend this Class Action Complaint to request, in addition to the above relief, statutory damages, actual damages, punitive damages, interest, and attorneys' fees, pursuant to sections 1780 and 1781.

143.   Plaintiff contend that the deception is the false and misleading label, and the injury is the purchase price.  (*Small v. Lorillard Tobacco Co., Inc*., 94 N.Y.2d 43, 56 n. 5, 698 N.Y.S.2d 615, 720 N.E.2d 892 ["Plaintiff might have a claim where a

distributor asserts that its bottled water is from a pure and pristine mountain stream while in reality, it was only tap water."].)

## Fifth Cause of Action:  Unjust Enrichment
### (By Plaintiff MIJEONG KIM, on Behalf of the Class against Defendants TRITON, AMAZON, and SHAHRBABKI.)

144.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

145.   Plaintiff brings this claim for unjust enrichment on behalf of the Class.

146.   As a direct and proximate result of Defendants' acts set forth herein, Defendants has been unjustly enriched.

147.   As a result of Defendants' misleading labeling, advertising, marketing, and sales of the TRITON Product, Defendants unjustly enriched itself at the expense of Plaintiff and the Class members, through Plaintiff's and the Class members' payment of the purchase price for the products.

148.   Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits it received from Plaintiff and the Class members, in light of the fact that the TRITON Product that Plaintiff and the Class members purchased were not what Defendants purported them to be.  Thus, it would be unjust or inequitable for Defendants to retain the benefit without restitution to Plaintiff and the Class members for the monies paid to Defendants for the TRITON Product.

149.   Plaintiff and the Class members seek restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and compensation Defendants obtained from its improper conduct alleged herein.

150.   Plaintiff contend that the deception is the false and misleading label, and the injury is the purchase price.  (*Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43,

56 n. 5, 698 N.Y.S.2d 615, 720 N.E.2d 892 ["[P]laintiff might have a claim where a distributor asserts that its bottled water is from a pure and pristine mountain stream while in reality, it was only tap water."].)

### Sixth Cause of Action
### Violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)
### (By Plaintiff MIJEONG KIM, on Behalf of the Class, against Defendants TRITON, AMAZON, and SHAHRBABKI.)

151.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

152.   This claim arises under 18 U.S.C. § 1962(c), which provides in relevant part: (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

153.   At all relevant times, Defendants TRITON, AMAZON, and SHAHRBABKI were "persons" within the meaning of 18 U.S.C. §1961(3), because they were "capable of holding a legal or beneficial interest in property."  Defendants TRITON, AMAZON, and SHAHRBABKI were the constituents of the ENTERPRISE and conducted and participated in that ENTERPRISE's affairs through a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(5), consisting of numerous and repeated uses of the mails and interstate wire communications to execute a scheme to defraud in violation of 18 U.S.C. § 1962(c).

154.   The ENTERPISE was created and/or used as a tool to carry out the scheme and pattern of racketeering activity.

155.   Defendants TRITON, AMAZON, and SHAHRBABKI have committed or aided and abetted the commission of at least two acts of racketeering activity, i.e., indictable violations of 18 U.S.C. §§ 1341 and 1343, within the past ten years.  The multiple acts of racketeering activity that they committed and/or conspired to, or aided and abetted in the commission of, were related to each other, pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity."

156.   Defendants TRITON, AMAZON, and SHAHRBABKI's predicate acts of racketeering within the meaning of 18 U.S.C. §1961(1) include: (a) Mail Fraud: Defendants TRITON, AMAZON, and SHAHRBABKI violated 18 U.S.C. § 1341, by sending or receiving, or causing to be sent or received, materials via U.S. mail or commercial interstate carriers for the purpose of executing the Scheme, which amount to a material scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and/or omissions; and (b) Wire Fraud: Defendants TRITON, AMAZON, and SHAHRBABKI violated 18 U.S.C. § 1343, by transmitting and receiving, or causing to be transmitted or received, materials by wire for the purpose of executing the Scheme, which amounts to a material scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and/or omissions.

157.   Defendants TRITON, AMAZON, and SHAHRBABKI knowingly and intentionally made these misrepresentations, acts of concealment and failures to disclose.  Defendants TRITON, AMAZON, and SHAHRBABKI either knew or recklessly disregarded that these were material misrepresentations and omissions.

158.   Defendants TRITON, AMAZON, and SHAHRBABKI obtained money and property belonging to Plaintiff and the Class as a result of these violations.  Plaintiff and other Class Members have been injured in their business or property by Defendants TRITON, AMAZON, and SHAHRBABKI's overt acts of mail and wire fraud.

159.   Plaintiff and the Class have been injured in their property by reason of Defendants TRITON, AMAZON, and SHAHRBABKI's violations of 18 U.S.C. § 1962, including the price paid for the TRITON Products which collectively amount to millions of dollars, and plus interest.  In the absence of Defendants TRITON, AMAZON, and SHAHRBABKI's violations of 18 U.S.C. § 1962, Plaintiff and the Class would not have incurred these losses.

160.   Plaintiff and the Class's injuries were directly and proximately caused by Defendants TRITON, AMAZON, and SHAHRBABKI's racketeering activity.

161.   Defendants TRITON, AMAZON, and SHAHRBABKI knew and intended that Plaintiff and the Class would rely on the scheme's fraudulent representations and omissions.  Defendants TRITON, AMAZON, and SHAHRBABKI knew and intended Plaintiff and the Class would buy the TRITON Products as a result of same.

162.   Under the provisions of 18 U.S.C. § 1964(c), Plaintiff is entitled to bring this action and to recover their treble damages, the costs of bringing this suit and reasonable attorneys' fees.

163.   Defendants TRITON, AMAZON, and SHAHRBABKI is accordingly liable to Plaintiff and the Class for three times their actual damages as proved at trial plus interest and attorneys' fees.

164.   The Supreme Court explained that the civil RICO statute has no reliance requirement on its face, and a person may be injured "by reason of" another person's fraud even if the injured party did not rely on any misrepresentation. (128 S. Ct. 2131.)

**Seventh Cause of Action for Fraudulent Misrepresentation**
**(By Plaintiff MIJEONG KIM, on Behalf of the Class, against Defendants TRITON, AMAZON, and SHAHRBABKI.)**

165.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

166.   Defendants made representations to Plaintiff and the Classes in advertising the TRITON Products, that their products contain 100% spring water from the springs in Arrowhead Mountain.  Defendants made representations in their advertisements.

167.   As heretofore alleged, the representations made by Defendants were in fact false.

168.   When Defendants made these misrepresentations, it knew them to be false and made these misrepresentations with the intention to deceive and defraud Plaintiff and members of the Classes and to induce Plaintiff and members of the Classes to act in reliance on these misrepresentations in the manner heretofore and hereafter alleged, or with the expectation that Plaintiff and members of the Classes would so act.  Plaintiff and members of the Classes, at the time these representations were made by Defendants, were ignorant of the falsity of Defendants' representations and believed them to be true.   In reliance on these representations, Plaintiff and members of the Classes were induced to and did purchase the TRITON Products.  Plaintiff's reliance on Defendants' representations was reasonable in light of the knowledge and experience of Plaintiff and members of the Classes.

169.   As a proximate result of the fraudulent conduct of Defendants in this complaint, Plaintiff and members of the Classes were induced to spend money in the purchase of the TRITON Products without knowing the true nature of the water of the TRITON Products.

170.   As a consequence of Defendants' fraudulent misrepresentations, Plaintiff and the members of the Classes have been injured and are entitled to damages.

171.   The conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention on the part

of Defendants of thereby depriving Plaintiff and members of the Classes of property or legal rights causing injury.  Defendants' conduct constitutes despicable conduct which was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff and members of the Classes, so as to justify an award of exemplary or punitive damages.

172.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting these actions against Defendants under California's Code of Civil Procedure § 1021.5 and other applicable law in part because:

(a) a successful outcome in these actions will result in the enforcement of important rights affecting the public interest by maintaining the integrity of representations made concerning the TRITON Products;

(b) these actions will result in a significant benefit to the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

(c) unless these actions are prosecuted, members of the general public will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices;

(d) unless these actions are prosecuted, Defendants will continue to mislead consumers about the true nature of the water of the TRITON Products; and

(e) an award of attorneys' fees and costs is necessary for the prosecution of these actions and will result in a benefit to each members of the Classes, and consumers in general.

**<u>Eighth Cause of Action for Negligent Misrepresentation</u>**
**<u>(By Plaintiff MIJEONG KIM, on Behalf of the Class, against Defendants</u>**
**<u>TRITON, AMAZON, and SHAHRBABKI.)</u>**

173.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

174.   As heretofore alleged, Defendants made representations to Plaintiff and the Classes in advertising the TRITON Products that its products contain 100% Arrowhead Mountain Spring Water.

175.   As heretofore alleged, the representations made by Defendants were in fact false.  The true facts as heretofore alleged were, inter alia, that the TRITON, Products does not contain not the water exclusively from the springs of Arrowhead Mountain.

176.   When Defendants made these misrepresentations, Defendants had no reasonable ground for believing them to be true as set forth herein.

177.   Defendants made these representations with the intention of inducing Plaintiff and members of the Classes to act in reliance on these representations in the manner hereafter alleged, or with the expectation that they would so act.

178.   Plaintiff and members of the Classes, at the time these representations were made by Defendants, were ignorant of the falsity of Defendants' representations and believed them to be true.   In reliance on these representations, Plaintiff and members of the Classes were induced to and did purchase the TRITON Products. Plaintiff's reliance on Defendants' representations was reasonable in light of the knowledge and experience of Plaintiff and members of the Classes.

179.   As a proximate result of the fraudulent conduct of Defendants, Plaintiff and members of the Classes were induced to spend money in the purchase of the TRITON Products without knowing the true nature of the water in the TRITON Products.

180.   As a consequence of Defendants' negligent misrepresentations, Plaintiff and the members of the Classes have been injured and are entitled to damages.

**Ninth Cause of Action:  Breach of Express Warranty**

**(CAL.COM.CODE § 2313.)**

**(By Plaintiff MIJEONG KIM, on Behalf of the Class, against TRITON)**

181.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

182.   Defendant TRITON made an affirmation of fact or promise or provided a description of its TRITON Products by including the icon "ARROWHEAD 100% MOUNTAIN SPRING WATER" on the front label of TRITON Products bottles.

183.   The promise or description of "ARROWHEAD 100% MOUNTAIN SPRING WATER" formed part of the basis of the bargain.

184.   Defendant TRITON sold the TRITON Products to Plaintiff and the Class Members.

185.   Defendant TRITON breached the express warranty in that the TRITON Products contain 100% spring water from Arrowhead Mountain.

186.   Plaintiff and the Class members did not receive the TRITON Products as warranted by defendant TRITON.

187.   The breach caused economic injury to Plaintiff and the Class members in an amount to be determined at trial.

**Tenth Cause of Action**

**Breach of Implied Warranty of Merchantability**

**Under Cal. Com. Code 2314(1)**

**(By Plaintiff MIJEONG KIM, on Behalf of the Class, against TRITON, AMAZON, and SHAHRBABKI.)**

188.   Plaintiff incorporates by reference all preceding paragraphs.

189.   The Product was manufactured, labeled and sold by defendant TRITON or at its express directions and instructions, and warranted to plaintiff and class

members that they possessed substantive, quality, compositional and/or environmental which they did not.

190.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

191.   This duty is based, in part, on Defendants' position as one of the most recognized companies in the nation in this sector.

192.   The TRITON Product did not conform to its affirmations of fact and promises due to Defendants' actions and were not merchantable.

193.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendants that:

1.   This action be certified and maintained as a class action under Rule (b)(3) of the Federal Rules of Civil Procedure and certify the proposed Class as defined, appointing Plaintiff as representatives of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

2.   Awards compensatory, statutory and/or punitive damages, and treble.

3.   Awards Plaintiff and Class Members the costs of this action, including reasonable attorneys' fees and expenses and expert fees;

4.   Orders Defendants to reimburse to Plaintiff and all Class Members the purchase price paid for the TRITON Products;

5.   Awards equitable monetary relief, including restitution, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiff and Class Members have an effective remedy;

6.   Awards pre-judgment and post-judgment interest at the legal rate; and

7.     Such further legal and equitable relief as this Court may deem just and proper.

**<u>JURY TRIAL REQUESTED</u>**

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 23, 2022                          LAW OFFICE OF JUAN HONG

<u>/s/ Juan Hong</u>
JUAN HONG
4199 Campus Drive Suite 550
Irvine, CA 92612
Telephone: (949) 334-7710
Fax: (949) 335-6647

## DECLARATION OF MIJEONG PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Mijeong Kim, declare as follows:

1.      I am a plaintiff in the above-entitled action.

2.      Defendants TRITON, AMAZON, and SHAHRBABKI have done and are doing business in the Central District of California.  Such Business includes the distributing, marketing, labeling, packaging and sale of the TRITON Product. Furthermore, I purchased the TRITON Product in Los Angeles, California, from markets including Target, Costco, Hanam Chain, Galleria Market, and Smart & Final, and Amazon.com.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed this 23th day of March 2022, at Los Angeles, California.


DATED: March 23, 2022

                                                            _____
                                                            Mijeong Kim



Google

All    **Images**    Videos    News    Maps    Shopping    Books    Flights



San bernardino mountai…
pinterest.com



MYSTERIOUS ARROWH…
activerain.com



Arrowhead Springs Hotels
ci.san-bernardino.ca.us



arrowhead mountain - O…
obeki.com · In stock



THE arrow that gives Lak…
pinterest.com



Arrowhead Springs, San …
en.wikipedia.org



SAN BERNARDINO, Cali…
hippostcard.com · Out of st…





# EXHIBIT 001



11:08

Q Search Amazon

Soylent Complete Nutrition Gluten-Free Vegan Protein Meal…
$42.00 ✓prime

Sponsored

**Last purchased Dec 14, 2021.**

View order                Set reminder

Brand: Arrowhead                ⭐⭐⭐⭐½  36

Arrowhead - Natural Spring Water, 8 oz Bottle, 48 Bottles/Carton 827163 (DMi CT



$53⁹⁹  ($0.14 / FL Oz)

FREE delivery **January 4 - 6**. Details



# EXHIBIT 002

11:08

Q Search Amazon

**Last purchased Dec 14, 2021.**

View order | Set reminder

Brand: Arrowhead                    ⭐⭐⭐⭐⭐ 66

Arrowhead 100% Mountain Spring Water (16.9 oz. bottles, 40 ct.)



$48<sup>99</sup> ($0.07 / Fl Oz)

FREE delivery **January 4 - 6**. Details

Or fastest delivery **Thursday, December 30**. Order within 1 hr 51 mins. Details

⊙ Deliver to junyu - Gardena 90247

In Stock.

EXHIBIT 003



EXHIBIT 004



EXHIBIT 005



EXHIBIT 006



EXHIBIT 007

*Juan Hong, A Law Corp, Law Office of Juan Hong*
*4199 Campus Drive Suite 550, Irvine, CA 92612*
*Telephone: (949) 334-7710, Fax: (949) 335-6647*

March 23, 2022

Blue Triton Brands
900 Long Ridge Road, Building #2
Stamford, CT 06902-1138

Amazon.com, Inc.
410 Terry Ave North, Seattle, WA98109-5210

Mohammadrez Shahrbabki
2630 Walnut Ave. Ste B, Tustin, CA92780-7031

**SUBJECT:  *MIJEONG KIM v. BLUE TRITON BRANDS et al.***

Our law firm represents Mijeong Kim and all other consumers similarly situated in an action against Defendants Blue Triton Brands et al. arising out of, *inter alia*, misrepresentations by Defendants to consumers.

When Plaintiff purchased the water bottles with icon "ARROWHEAD 100% MOUNTAIN SPRING WATER" ("the TRITON Product"), she did not read the backside of the label for the source of the spring water.  In the front label of the bottles, the icon was provided with the background picture of the Arrowhead mountain and the lake in front of the mountain.  Based on the presentations in the front label, Plaintiff reasonably believed the TRITON Product was from the springs in the Arrowhead Mountain.  Plaintiff would not have purchased the TRITON Product bottles had she known that the spring water might not be from the Arrowhead Mountain.  Plaintiff would not have purchased the TRITON Product absent the misrepresentation depicted with the picture of the label.

In the backside of the label of the TRITON Product bottle, the source of spring water was not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices, in the labeling), and is not easily legible.  The backside label of the TRITON Product bottle lists the source information as:

EXHIBIT 8. 001

SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA.

The sources of the spring water include six (6) locations.  Arrowhead Springs is one of them.  The spring water of the TRITON Product might not be from the Arrowhead Mountain.  The product was likely misbranded.  Plaintiff bought the TRITON Product bottles which were prohibited from introduction into commerce because they were misbranded.  Plaintiff suffered damages in an amount to equal to the amounts she paid for the TRITON Product bottles she purchased.

Plaintiff's claim is essentially that, because Defendants' label of the TRITON Product does not comply with state and federal requirements regarding the source of the spring water.  Defendants' product is misbranded and unmarketable.  Plaintiff was misled as a result of the misbranding and suffered.  Plaintiff Mijeong Kim and others similarly situated bring the full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint.

Defendants' representations are misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase the TRITON Product.

Defendants violated and continues to violate the Consumers Legal Remedies Act (CLRA) by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(2): Misrepresenting the source, sponsorship, approval, or certification of goods or services;
(b) In violation of Cal. Civ. Code §1770(a)(4): Using deceptive representations or designations of geographic origin in connection with goods or services.

EXHIBIT 8. 002

(c) In violation of Cal. Civ. Code §1770(a)(5), Defendants' acts and practices constitute misrepresentations that the TRITON Product in question have characteristics, benefits or uses which they do not have;

(d) In violation of Cal. Civ. Code §1770(a)(7), Defendants misrepresented that the TRITON Product are of particular standard, quality and/or grade, when they are of another;

(e) In violation of Cal. Civ. Code §1770(a)(9), Defendants advertised the TRITON Product with the intent not to sell them as advertised or represented;

(f) In violation of Cal. Civ. Code §1770(a)(16), Defendants represented that "the subject of a transaction has been supplied in accordance with a previous representation when it has not."

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of misleading information as described in the enclosed Complaint.  In addition, Defendants should offer to refund the purchase price to all consumer purchasers of the TRITON Product, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code § 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received.  These damage claims also would include claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

(1)     Identify or make a reasonable attempt to identify purchasers of the TRITON Product for the three years prior to March of 2022;

(2)     Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the TRITON Product, plus interest, costs fees, by mailing them a notice via certified mail.  Provide this office with proof that you delivered the notice to everyone referenced;

EXHIBIT 8. 003

(3)     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the TRITON Product purchasers who so request; and

(4)     Cease from representing to consumers that TRITON Product provides the benefits described in the aforementioned Defendants' labels and advertisements, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Sincerely yours,
/s/ Juan Hong
Juan Hong
LAW OFFICE OF JUAN HONG
4199 Campus Drive Suite 550
Irvine, CA 92612

EXHIBIT 8. 004