Joseph C. Rosenblit (Bar No. 131663)
33801 Avenida Calita
San Juan Capistrano, CA 92675
949-412-6666
rosenblitlawyer@gmail.com
[f]312-2090

Attorney for Defendant MOHAMMADREZ SHAHRBABKI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIJEONG KIM, Individually and On Behalf of All Others Similarly Situated<br>vs.<br>BLUE TRITON BRANDS,<br>AMAZON.COM, INC.,<br>MOHAMMADREZ SHAHRBABKI, and<br>DOES 1 through 10.<br>Defendants. | Case No. 2:22-cv-01907<br>Hon. Judge Fred W. Slaughter<br>Courtroom 10D, Santa Ana, CA<br>**ANSWER OF MOHAMMADREZ SHAHRBABKI TO COMPLAINT** |

ANSWER TO COMPLAINT

Defendant, MOHAMMADREZ SHAHRBABKI an individual , Answers the Complaint of Plaintiff, hereinafter referred to as "Plaintiff" alone and for no other Defendants, and admits, denies and alleges as follows:

1. Under the provisions of the California Code of Civil Procedure § 431.30, Defendant denies both generally and specifically each, every and all of the allegations contained in the Complaint, and denies that Complainant has sustained damages in the sum alleged, or in any other sum, or at all.

2. Further answering the Complaint, Defendant denies that Plaintiff has sustained any injuries, damages or loss, if any, by reason of any act or omission on the part of Defendants, or any agent, servant or employee.

**AS AND FOR A FIRST SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

3. Plaintiff is barred from any recovery on the basis that its own negligence was the sole and proximate cause of any injuries or damages it sustained; but in the event a finding is made that negligence exists on the part of Defendant which proximately contributed to Plaintiff's injuries and/or damages, the amount of recovery, if any, shall be reduced on the basis of its own comparative negligence which contributed to the injuries and/or damages upon which recovery is sought against Defendant.

**AS AND FOR A SECOND SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

4. At all times mentioned in the Complaint, any injuries, damages, or losses allegedly suffered by Plaintiff were directly and proximately caused and contributed to by the negligence or fault of persons separate and apart from Defendant, Whether named or unnamed in the within action. In the event a finding is made that negligence exists on the part of Defendant, which proximately contributed to Plaintiff's injuries and/or damages, the amount of recovery from Defendant, if any, shall be reduced on the basis of the comparative negligence of such other persons. Defendant will seek from the Court appropriate instructions to the trier of fact apportioning the negligence or fault attributable to any such other persons, Whether named or unnamed, for any injuries, damages or losses suffered by Plaintiff herein.

**AS AND FOR A THIRD SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES**:

5. The Complaint, and each of the purported causes of action contained in it, are barred by the running of all applicable statutes of limitations including, but not limited to, California Code of Civil Procedure 340.6.

**AS AND FOR A FOURTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

6. The Complaint, and each of the purported causes of action contained in it, fails to state a cause of action against Defendant.

**AS AND FOR A FIFTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

7. Defendant was informed and believes, and based upon such information and belief alleges, that any injuries, damages or losses sustained by Plaintiff were proximately caused and contributed to by negligence on their part, in that Plaintiff did not exercise ordinary care on its own behalf at the times and places as set forth in the Complaint.

**AS AND FOR A SIXTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

8. Plaintiff failed to mitigate or minimize its damages, if there were any, in that it failed to properly maintain, or otherwise conduct its activities, and otherwise failed to take adequate measures to minimize Plaintiff's delays, damages, expenditures and extra costs, if any were incurred.

**AS AND FOR A SEVENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

9. If any fault is found on the part of Defendant his liability for non-economic loss to Plaintiff is no greater than that percentage of the damages, which is equal to the percentage of fault, attributed to Defendant.

## AS AND FOR AN EIGHTH SEPARATE, DISTINCT
## AND AFFIRMATIVE DEFENSE,
## DEFENDANT ALLEGES:

10. If it should be found that Defendant in any way is legally responsible for injuries or damages sustained by Plaintiff, which supposition is not admitted but merely stated for the purposes of his defense, then any such injuries or damages found to have been incurred or suffered by Plaintiff in the action were proximately contributed to by other persons or entities; therefore, it is necessary that the proportionate degree of negligence or fault of each such person or entity be determined and apportioned so that as between Defendants, Defendant pay only that amount of damages caused by his negligence. If Defendant is not guilty of any act of negligence, all other negligent Defendants or persons should pay all the judgment; and that the liability of Defendant, if any, for the amount of non-economic damages, if any, should be limited in direct proportion to Defendants' and/or other persons' percentage of negligence or fault, if any, pursuant to the Fair Responsibility Act of 1986 § 1431 of the California Civil Code, and a separate judgment be rendered against Defendant and any other Defendants and other persons for that amount.

## AS AND FOR A NINTH SEPARATE, DISTINCT
## AND AFFIRMATIVE DEFENSE,
## DEFENDANT ALLEGES:

11. Some or all of the purported acts and statements alleged by Plaintiff were and are privileged.

## AS AND FOR A TENTH SEPARATE, DISTINCT
## AND AFFIRMATIVE DEFENSE,
## DEFENDANT ALLEGES:

12. Plaintiff is estopped by its own conduct from recovering any relief by the Complaint or any purported cause of action alleged therein.

///
///

**AS AND FOR AN ELEVENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

13. By its own conduct, Plaintiff has waived any right to recover any relief by the Complaint or any purported cause of action alleged therein.

**AS AND FOR A TWELFTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

14. Plaintiff's claims are barred due to fraud.

**AS AND FOR A THIRTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

15. Plaintiff's claims are barred because it lacks standing to sue Defendant for the claims and damages alleged in the Complaint.

**AS AND FOR A FOURTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

16. Plaintiffs claims are barred by Section 47 of the California Civil Code.

**AS AND FOR A FIFTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

17. Plaintiff's claims are barred by the Doctrine of Ratification.

**AS AND FOR A SIXTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

18. Plaintiff's claims are barred due to the Doctrine of Unc1ean Hands.

///

**AS AND FOR A SEVENTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

19.  Plaintiff's claims for damages are barred by the Doctrine of Judicial Estoppel.

**AS AND FOR AN EIGHTEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

20.  Plaintiff's claims and damages, as asserted against the Defendant are barred, in whole or in part, because any duty or performance of Defendant is excused by reason of the breach of condition(s) precedent.

**AS AND FOR A NINETEENTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

21.  This answering Defendant alleges and contends that Plaintiff knowingly waived an/or released all claims against this answering Defendant.

**AS AND FOR A TWENTIETH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

22.  This answering Defendant alleges and contends that this action is barred by the doctrine of laches.

**AS AND FOR A TWENTY-FIRST SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

23.  This answering Defendant alleges and contends that recommendations made to Plaintiff were made in good faith and upon appropriate information and belief as to the truth of any such said matters.

///

**AS AND FOR A TWENTY-SECOND SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

24. This answering Defendant alleges and contends that Plaintiff did not rely on any statement, act or omission by Defendant herein to its detriment.

**AS AND FOR A TWENTY-THIRD SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

25. This answering Defendant strictly complied with and/or substantially performed the requirements contained in any valid contracts, if any, with Plaintiff.

**AS AND FOR A TWENTY-FOURTH, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

26. Any duty or performance of this answering Defendant is excused by a prior breach of contract by Plaintiff and therefore, P1aíntiff's claims and damages, as asserted against this answering Defendant are barred, in whole or in part.

**AS AND FOR A TWENTY-FIFTH SEPARATE, DISTINCT**

**AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

27. Defendant alleges that third parties and their employees and agents, removed, destroyed, or concealed evidence in this case. Defendant further alleges that he was not notified of any potential claim against it before third parties, as yet unknown to Defendant, destroyed or concealed evidence. Accordingly, by virtue of the acts, conduct and omissions of third parties in failing to preserve crucial evidence and in failing to notify Defendant of the removal, destruction or concealment of such evidence, Defendant's liability, if any, must be diminished in proportion to the negligent or intentional spoliation of evidence by third parties, such conduct having substantially prejudiced the Defendant's defense of this action.

## AS AND FOR A TWENTY-SIXTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

28. Defendant alleges that Plaintiff's injuries, if any, were legally caused by allergies, sensitivities, and idiosyncrasies peculiar to Plaintiff, not found in the general public, and unknown or unknowable to Defendant. Such alleged injuries were not reasonably foreseeable to Defendant.

## AS AND FOR A TWENTY-SEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

29. Defendant alleges that Plaintiff has full and actual knowledge of the conditions and circumstances existing, and Plaintiff knowingly and voluntarily exposed itself to the alleged conditions and circumstances, if any, and voluntarily assumed the risk of all damage, if any, and are therefore barred from recovery.

## AS AND FOR A TWENTY-EIGHTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

30. Defendant's law firms are representing answering Defendant in this action and answering Defendant, or its insurers, have and will continue to incur reasonable attorneys' fees and costs in connection with said representation. As a result of the acts and omissions alleged, Plaintiff is liable to reimburse this answering Defendant for all reasonable fees and costs incurred.

## AS AND FOR A TWENTY-NINTH, DISTINCT AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

31. Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional unstated affirmative defenses available. Defendant reserves the right to assert additional defenses that become apparent in the future. Defendant, by this Answer, does not waive any defenses that are not set forth herein.

**WHEREFORE**, having answered the Complaint, these answering Defendants pray:

1. That Plaintiffs take nothing by way of their complaint;

2. That Defendants be dismissed from the Complaint with its costs of suit incurred herein;

3. That the Court declare the respective degrees of negligence, fault, or liability pursuant to the doctrine of comparative negligence, as between the Parties, these answering Defendants, all other named defendants herein, and all others whose conduct may be determined to be a proximate cause of Plaintiffs' injuries or damages, if any;

4. That the Court apportion the responsibility for Plaintiffs' injuries or damages, if any, as between all said persons according to law;

5. For Defendants' attorneys' fees, costs and expenses incurred in defense of this matter, including expert assistance and testimony; and

6. That Defendants be awarded such other and further relief as the court may deem just and proper.

Dated: May 4, 2022                           *Joseph C. Rosenblit*

                                             Joseph C. Rosenblit, Attorney for Defendant,
                                             MOHAMMADREZ SHAHRBABKI