UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-01907-JLS-KS                              Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  V.R. Vallery  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                    Not Present

**PROCEEDINGS:**   **(IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (Doc. 56) AND GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 37, 42, 44)**

     Before the Court are Defendants' Motions to Dismiss, (Blue Triton Mot., Doc. 37; Amazon.com Mot., Doc. 42, Shahrbabki Mot., Doc. 44), and Plaintiff's Motion for Leave to File a Surreply (Surreply Mot., Doc. 56).  Plaintiff opposed each of the Motions to Dismiss.  (Blue Triton Opp., Doc. 46; Amazon.com Opp., Doc. 47; Shahrbabki Opp., Doc. 48.)  Defendants Blue Triton Brands ("Blue Triton") and Amazon.com Inc. ("Amazon.com") replied.  (Blue Triton Reply, Doc. 50; Amazon.com Reply, Doc. 51.)  Amazon.com and Shahrbabki joined in parts of Blue Triton's Motion to Dismiss, and Shahrbabki joined in Amazon.com's.  (Amazon.com Mot. at 10-11; Shahrbabki Mot. at 4.)

     This action was reassigned to this Court after the prior district judge had taken the Motions to Dismiss under submission.  (*See* Order Taking Motions Under Submission, Doc. 53; Order Reassigning Case, Doc. 54.)  This Court similarly finds the Motions to Dismiss, as well as the Motion for Leave to File a Surreply, appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  The hearing set for December 2, 2022 is therefore VACATED.  For the following reasons, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                      Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

DENIES Plaintiff's Motion for Leave to File a Surreply and GRANTS Defendants' Motions to Dismiss.

## I.   BACKGROUND

Plaintiff Mijeong Kim filed this putative class action against Blue Triton, Amazon.com, and Mohammadrez Shahrbabki for violations of the California unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; the California False and Misleading Advertising Law ("FAL"), Cal. Bus. & Prof. Code. § 17500 *et seq.*; the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; unjust enrichment; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); fraudulent misrepresentation; negligent misrepresentation; breach of express warranty, Cal. Com. Code § 2313; and breach of implied warranty of merchantability, Cal. Com. Code § 2314.  (Compl., Doc. 1 at ¶¶ 117–193).

Defendant Blue Triton produces Arrowhead Brand bottled water.  (Compl. ¶¶ 24-25.)  Defendant Amazon.com is an e-commerce retailer, and Defendant Shahrbabki is a third-party seller thereon.  (*Id.* ¶¶ 34-35.)  Kim asserts that she purchased Blue Triton 237 ml (8 oz.) and 500 ml (16.9 oz.) bottled water, labeled "Arrowhead ® Brand 100% Mountain Spring Water," from various stores in Los Angeles, California.  (*Id.* ¶ 3).  She states that the label, which depicts a mountain with a lake in front of it, misled her into believing that the bottled water was sourced exclusively from springs in "Arrowhead Mountain," and that she would not have purchased the product had she known it was not. (*Id.* ¶ 11).  The back sides of the labels on Arrowhead bottled water list the source information for the water as:

> SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS						Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

(*Id.* ¶ 14.)  Kim states that she did not read the backs of the labels before purchasing, and the word "Arrowhead" preceding the "® Brand" language on the front is "about five times larger" such that reasonable consumers are likely to miss the "® Brand" text.  (*Id.* ¶¶ 3, 11.)  She further alleges that she was the victim of "bait-and-switch" advertising when she purchased 237 ml (8 oz.) and 500 ml (16.9 oz) Arrowhead bottled water from Shahrbabki on the Amazon.com website.  (*Id.* ¶¶ 6, 8-10, 34-35.)  The pictured water bottles on the website, she alleges, have labels showing a "front view" of the mountain, but the bottled water she received on December 18, 2021 depicted a "side view" of the mountain.  (*Id.* at ¶¶ 6, 8.)

Images of the various labels are reproduced below:



**"Front View" Product (*see* Ex. 2 to the Complaint)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                   Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al



**"Side View" Product (*see* Ex. 5 to the Complaint)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS					Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al



**Flattened "Side View" Label (*see* Doc. 38-2)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                              Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

Defendants have moved to dismiss Kim's claims under Rule 12(b)(6).  Kim has requested leave to file a surreply to respond to what she characterizes as false statements in Amazon.com's Reply.  (Surreply Mot. at 3.)

II.   **LEGAL STANDARD**

   A.   **Rule 12(b)(6)**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must construe the facts in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS            Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

      **B.**      **Rule 9(b)**

     Claims sounding in fraud are subject to Rule 9(b)'s heightened pleading standard, which requires that a plaintiff "state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  All of Kim's claims based in fraud are subject to this heightened pleading standard.

**III.**     **JUDICIAL NOTICE**

     The Court takes judicial notice of Exhibits 1 and 2 to the Smith Declaration (Docs. 38-1, 38-2), which contain a picture of the front view of a 16.9-ounce bottle of Arrowhead bottled water and a picture of the label removed from the bottle and laid flat, respectively.  (Request for Judicial Notice, Doc. 38; Smith Decl., Doc. 38-3.).  "A court may consider documents attached to the complaint, incorporated by reference in the complaint, or judicially noticed without converting a motion to dismiss to a motion for summary judgment." *Bronson v. Johnson & Johnson, Inc.*, No. 12-04184, 2013 WL 1629191, at *1 n.1 (N.D. Cal. Apr. 16, 2013).  Here, the bottled water labels are incorporated by reference in Kim's Complaint.  *See id.* (taking judicial notice of Splenda Essentials product labels); *see also In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. 16-1442, 2017 WL 4676585, at *2-3 (C.D. Cal. Oct. 10, 2017) (taking judicial notice of the complete label for Quaker Classic Recipe Maple & Brown Sugar flavored instant oatmeal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01907-JLS-KS             Date: November 01, 2022
Title: Mijeong Kim v. Blue Triton Brands et al

### IV. MOTION FOR LEAVE TO FILE SUR-REPLY

Motions for leave to file a surreply are generally viewed "with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). "However, district courts have the discretion to either permit or preclude a surreply." *Id.* Kim seeks leave to file a surreply to Amazon.com's Reply in order to correct "false statements" she alleges Amazon.com "fabricated and introduced … for the first time in its Reply." (Surreply Mot. at 3.) However, the purported "false statements" that Kim identifies are merely Amazon.com's characterizations of the Complaint and of Kim's arguments, the accuracy of which the Court may judge for itself. (*Id.* at 4.) The Motion is therefore DENIED.

### V. MOTIONS TO DISMISS

Defendants make a number of arguments as to why Kim's claims should be dismissed, many of which would be redundant for the Court to address. The Court focuses on arguments applicable to all three Defendants and does not address Blue Triton and Amazon.com's individualized arguments as to why various claims are inapplicable to them.

     A.      **Consumer Deception Claims**

Kim's deceptive labeling claims under the "fraudulent" prong of the UCL[1], the FAL, and the CLRA are governed by the "reasonable consumer" test. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). This test also applies to Kim's common law fraud and negligent misrepresentation claims. *See Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). The reasonable consumer test

---

[1] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability." *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quotations omitted). The Court addresses the "fraudulent" prong in Section A and the "unlawful" and "unfair" prongs in Section B, *infra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01907-JLS-KS            Date: November 01, 2022
Title: Mijeong Kim v. Blue Triton Brands et al

requires the Plaintiff to "show that members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quotations omitted). It "requires more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Id.* (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003)). "Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (quotations omitted).

1. **Misleading Label**

"California courts … have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938. However, "in rare situations a court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible." *Ham*, 70 F. Supp. 3d at 1193.

In a similar lawsuit regarding Arrowhead Brand bottled water, the district court found that reasonable consumers would not be deceived by Arrowhead bottled water labels which denote Arrowhead is a brand name, contain generic imagery of a mountain and lake, and disclose sources on the back of the package. *See Chong v. Nestlé Waters N. Am., Inc.*, No. 19-10901, 2020 WL 7690175, at *7-8 (C.D. Cal. Nov. 30, 2020). The Ninth Circuit affirmed the district court's finding. *See Chong v. Nestlé Water N. Am., Inc.*, No. 20-56373, 2021 WL 4938128, at *1 (9th Cir. Oct. 22, 2021) ("The court was correct to find that this case 'presents the rare case where this Court may conclude on the pleadings that no reasonable consumer would be misled by any of the product labels at issue in this suit.'").

The Court accepts as true, as it must at the motion to dismiss stage, that Kim believed that the water was sourced entirely from the springs of "Arrowhead Mountain." Nevertheless, the Court agrees with Defendants that no reasonable consumer would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01907-JLS-KS　　　　　　　　　　　　Date: November 01, 2022
Title: Mijeong Kim v. Blue Triton Brands et al

misled by the packaging. The front label has "Arrowhead" in large font, with "® Brand" in smaller font beside it. Below, it states "100% Mountain Spring Water." Kim does not contest that all of the water is in fact sourced from mountain springs. Reasonable consumers would understand "® Brand" – even in small font – to mean that Arrowhead is the brand of water. The language below stating that the water is "100% Mountain Spring Water" would further inform a reasonable consumer that the water is sourced from mountain springs, and not necessarily a particular mountain spring on "Arrowhead Mountain." The mountain and lake imagery on the label appear generic, and a reasonable consumer would not interpret them to mean that the water was from a single source.

　　　Moreover, a reasonable consumer interested in the specific source of the water would need only to look at the back of the water bottle to locate the text listing the six springs from which the water is sourced. As the district court in *Chong* noted, Blue Triton placed this information "on an outward-facing side of a cylindrical product, a place reasonable consumers would look for information about the product." 2020 WL 7690175, at *7. Where there is no deception on the front label, accurate information on the back of the package is sufficient to inform the reasonable consumer. *See Ebner*, 838 F.3d at 966.

　　　In *Moore v. Trader Joe's Co.*, the Ninth Circuit held that the district court did not err in finding that a product called "Trader Joe's Manuka Honey" that had "100% New Zealand Manuka Honey" on its label was not misleading as a matter of law, even though only 57.3-62.6% of the honey was derived from Manuka flower nectar. 4 F.4th 874, 881-82 (9th Cir. 2021). The Ninth Circuit found that any ambiguity in the source of the honey would be dispelled for a reasonable consumer by context and other information on the packaging, including a rating reflecting the product's concentration of honey derived from the Manuka flower. *Id.* at 883-85. Here, any reasonable consumer who found the front of the package ambiguous as to the water's source would need only to look at the back of the package to find unambiguous language describing where the water came from. Mere references to a geographic location on the front of the packaging are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                      Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

sufficient to mislead a reasonable consumer.  *See Steinberg v. Icelandinc Provisions Inc.*, No. 21-5568, 2022 WL 220641, at *4, *7 (N.D. Cal. Jan. 25, 2022) (product called "Traditional Icelandic Skyr," with the phrase "Icelandic Provisions" and an image of a snow-covered countryside on the label, would not mislead a reasonable consumer into believing the product was made in Iceland, and disclosure on back label that it was manufactured in New York refuted any deception claim); *Culver v. Unilever U.S.*, No. 19-9263, 2021 WL 2943937, at *7 (C.D. Cal. June 14, 2021) (finding that the words "Paris," "Depuis 1747," and "Que Maille" on the front labels of jars of mustard would not mislead a reasonable consumer into thinking that products were made in France).

The Court is not convinced by Kim's attempts to draw comparisons to cases where courts have found consumers adequately alleged deceptive labeling practices.  In *Peacock v. Pabst Brewing Co., LLC*, the district court found the plaintiff had plausibly alleged that a beer can's label containing the phrase "The Original Olympia Beer," the slogan "It's the Water," and the image of a waterfall from the area would mislead reasonable consumers into believing the beer is brewed with water from the Olympia area of Washington.  491 F. Supp. 3d 713, 719 (E.D. Cal. 2020).  Here, the only affirmative representation on the label is that it is "100% Mountain Spring Water," which Kim does not dispute is a true statement.  There is no statement here on the label similar to "It's the Water" suggesting that a spring on "Arrowhead Mountain" is the source.  While the Arrowhead brand name is arguably geographically specific, the label, taken as a whole, does not suggest sourcing from a particular area in the way that the Olympia Beer label did.  *See Moore.*, 4 F.4th at 882 (noting "the general principle that deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used") (quotations omitted).

In *Williams*, the Ninth Circuit concluded that statements on packaging including calling the product "fruit juice snacks," depictions of various fruits, a statement that the snacks were made with "fruit juice and other all natural ingredients," and a claim that the snacks were "just one of a variety of nutritious Gerber Graduates foods and juices that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                              Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

have been specifically designed to help toddlers grow up strong and healthy" could suggest to a reasonable consumer that all the ingredients in the product were natural.  552 F.3d at 939.  Once again, the Arrowhead packaging contains fewer indicia that would lead a reasonable consumer to conclude that the water was sourced from the springs of "Arrowhead Mountain," and any uncertainty regarding the water's source is readily dispelled by the list of sources on the back of the packaging.  It is true that manufacturers may not escape liability by putting misrepresentations on the front of a package and accurate information on the back, as in *Williams* where the ingredient list did not shield the defendant from liability for the deceptive statements, but here there are no such misrepresentations.  *Id.*  Rather, the list of sources of water on the back of the label "confirms other representations on the packaging," namely, that it is "100% Mountain Spring Water." *Id.* at 940.

Finally, Kim's comparison to *Broomfield v. Craft Brew Alliance, Inc.* is also inapposite.  No. 17-cv-01027, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).  There, the court found that Hawaiian imagery on beer packaging in addition to a Hawaiian address, an image of a map of Hawaii identifying a brewery there, and the statement "[w]e invite you to visit our brewery and pubs whenever you are in Hawaii" could deceive a reasonable consumer into believing that the beer was brewed in Hawaii.  *Id.* at *6.  However, the Arrowhead packaging is much clearer about sourcing, and it simply lacks repeated the references to "Arrowhead Mountain" that would make Kim's interpretation reasonable.

2.      **"Bait-and-Switch"**

For similar reasons, Kim's "bait-and-switch" theory is also implausible.  She alleges that Shahrbabki and Amazon.com "baited" her with photos on the website of Arrowhead bottled water depicting a "front view" of "Arrowhead Mountain," but then she received bottled water depicting a "side view" of "Arrowhead Mountain."  (Compl. ¶ 9.)  The picture attached to the Complaint showing the "front view" bottled water Kim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                      Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

alleges she saw online is substantially similar to the "side view" label described above: "Arrowhead" is in large font followed by the "®" symbol, with the word "Brand" in small font below, rather than beside it; "100% Mountain Spring Water" in smaller font is beneath Arrowhead; and the imagery on the label shows a snow-covered mountain that appears to have an arrowhead-shaped formation on it.  (*See* Exs. 2, 3 to Complaint.)  Kim also attached to the Complaint a google image search depicting a mountain with the same distinctive arrowhead formation on its slope, lending support to her claims of the image's geographical distinctiveness.  (*See* Ex. 1 to Complaint.)

Even accepting that the "front view" label is more geographically specific than the "side view" label, a reasonable consumer would not conclude from the packaging that the water was sourced only from the springs of "Arrowhead Mountain."  Many courts have considered the question of when geographically specific statements and imagery on packaging cross into deceptive marketing: statements such as "Originated in Germany," "Born in Brazil," and "Belgium 1926" or statements that invite the customers to visit the purported address of production have been found to be sufficiently misleading to survive the motion to dismiss stage.  *See Govea v. Gruma Corp.*, 2021 WL 1557748, at *4 (C.D. Cal. Mar. 1, 2021) (collecting cases).  However, "if the packaging merely evokes the spirit of a generalized location or culture in a vague and non-specific manner, such claims are properly dismissed at the 12(b)(6) stage."  *Id.*  Even if a reasonable customer recognized the image on the label to refer to a specific mountain, there are no statements on the label that would mislead her into believing that the water was sourced from only springs of the mountain pictured there.  "Arrowhead" is clearly labeled a brand, and the words "Arrowhead Mountain" appear nowhere on the package.  A reasonable customer would understand the statement "100% Mountain Spring Water" to be a general reference to mountain springs and to not refer to any particular mountain spring.  For customers interested in the source of the water, the back of the package provides the necessary clarification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                               Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

Moreover, the Complaint does not explain how Kim did not get what she expected in ordering the water based on a "front view" label pictured on the website and receiving a "side view" label instead.  To the extent that she might argue that the "front view" label misled her into believing the water was from the springs of "Arrowhead Mountain" when she saw it on the website because it included a more distinctive picture of the mountain, this argument is foreclosed by her own statement in the Complaint: "Even if the mountain is depicted with its side view, Plaintiff knew the mountain in the labels is Arrowhead Mountain."  (Compl. ¶ 4.)  She does not allege that the contents of the water bottle pictured on the website and the one she received actually differ in any way.  Given the substantial similarities between the labels of the two water bottles, and the implausibility of Kim's interpretation of both labels, she has not adequately alleged a "bait-and-switch."

"[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified."  *Moore*, 4 F.4th at 882–83 (quotations omitted).  This is such a case.  The claims under the fraudulent prong of the UCL, the FAL, the CLRA, and for negligent and fraudulent misrepresentation are DISMISSED.

### B.  UCL "Unlawful" and "Unfair" Prongs

"By proscribing any unlawful business practice, [the UCL] borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (quotations omitted) (alteration in original).  Kim cites as predicate statutes for the "unlawful" UCL prong: the FAL; the CLRA; the Federal Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations; and the California Sherman Food, Drug, and Cosmetic Law.  (Compl. ¶¶ 52-76.)

Kim's claims under the "unlawful" prong fail because she has not actually alleged any mislabeling or misbranding.  For the reasons set forth in the foregoing section, the FAL and CLRA cannot serve as predicates for the UCL "unlawful" prong.  As for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                                            Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

FDCA, 21 C.F.R. § 101.18(c) states in relevant part that food is misbranded if "any representation that expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is either" true or "[a] trademark or trade name" whose use is not "deceptively misdescriptive."  As explained above, the only representations as to geographic origin on the labels are that the water comes from mountain springs, which Kim does not dispute.  The Sherman Law provisions that Kim cites prohibit misbranding food.  Kim has not plausibly alleged that Arrowhead bottled water is misbranded.  Her claims therefore fail.  *See Ebner*, 838 F.3d at 967 (noting that Sherman Law claims are governed by the reasonable consumer standard).

To make out a claim under the UCL's "unfair" prong, the plaintiff "must allege facts that Defendant's practice 'offends an established public policy' or that 'the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"  *Chong*, 2020 WL 7690175, at *9 (quoting *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001)).  Given that the label is not misleading, Kim does not identify another public policy that Defendants' practices offend, nor does she adduce facts tending to show how their labeling tactics are immoral or substantially injurious to customers.  The claims under the "unfair" and "unlawful" prongs of the UCL are therefore DISMISSED.

### C. Breach of Warranty

Kim brings claims for breach of express warranty and breach of the implied warranty of merchantability.  (Compl. ¶¶ 181-193.)  "To establish the existence of an express warranty, a plaintiff must point to 'a specific and unequivocal written statement.'"  *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021).  As explained previously, there was no unequivocal statement here that the Arrowhead bottled water was sourced from a spring on "Arrowhead Mountain" and such a conclusion is not a reasonable interpretation of the label.  Because Kim has not identified an express warranty, this claim necessarily fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01907-JLS-KS            Date: November 01, 2022
Title: Mijeong Kim v. Blue Triton Brands et al

"A plaintiff who claims a breach of the implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)). Kim has not alleged any facts that purport to show the bottled water was not fit for ordinary use. She simply reiterates that Blue Triton "warranted to plaintiff and class members that [the products] possessed substantive, quality, compositional and/or environmental [characteristics] which they did not." (Compl. ¶ 189.) This does not demonstrate that the Arrowhead bottled water was not fit for use as bottled water.

"[C]ourts have determined that an implied warranty of merchantability claim may rely solely on alleged affirmative representations made by the defendant on the product[']s label." *Weiss v. Trader Joe's Co.*, No. 8:18-01130, 2018 WL 6340758, at *8 (C.D. Cal. Nov. 20, 2018) (quotations omitted), *aff'd sub nom. Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021). However, the Court finds that the label did not affirmatively represent that the water was exclusively sourced from a spring on "Arrowhead Mountain." Accordingly, the warranty claims are DISMISSED.

### D. Unjust Enrichment

Kim's unjust enrichment claim is premised in "misleading labeling, advertising, marketing, and sales" of Arrowhead bottled water. (Compl. ¶ 147.) Because all of Kim's claims based in deception and misleading labeling fail, so too must her unjust enrichment claim. *See Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("[P]laintiff's failure to identify an actionable deception in the context of the 'reasonable consumer' test also requires the dismissal of her unjust enrichment claim").

### E. RICO Claims

Defendants argue that Kim has not plausibly stated her RICO claim because she has not alleged the existence of an "enterprise" or alleged any "racketeering activity".

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS                                              Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

(Blue Triton Mot. at 26-28.)  The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Here, Kim alleges that Defendants have engaged in predicate acts of mail and wire fraud, which constitute racketeering activity for RICO purposes.  (Compl. ¶ 156.)  However, as explained above, Kim has not plausibly alleged any fraud or deception that would serve as a predicate activity.  Moreover, the "enterprise" that Kim alleges is as follows:

> TRITON created the labels containing the deceptive and misleading advertising of "ARROWHEAD 100% MOUNTAIN SPRING WATER"; and TRITON assisted with advertising and marketing; AMAZON assisted with advertising and marketing, received fees from SHAHRBABKI, tracked shipments and to customers, and received returns.

(Compl. ¶ 88.)  Absent legal conclusions, however, these allegations state only ordinary business activities performed for ordinary business purposes, which is not sufficient to plead a RICO "enterprise" with a common purpose.  *See Comm. To Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1174-75 (E.D. Cal. 2017).  Accordingly, Kim's RICO claims are DISMISSED.

### VI.  <u>CONCLUSION</u>

For the foregoing reasons, the Motion for Leave to File a Surreply is DENIED.  Defendants' Motions to Dismiss are GRANTED.  As the Court has concluded that Kim's claims do not satisfy the reasonable consumer standard as a matter of law, it does not appear that Kim can allege additional facts which would alter the outcome of the case.  *See Chong*, 2020 WL 7690175, at *9.  Because amendment would be futile, *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01907-JLS-KS  Date: November 01, 2022
Title:  Mijeong Kim v. Blue Triton Brands et al

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), Kim's claims are DISMISSED WITH PREJUDICE.

Initials of Deputy Clerk:  vrv